UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WALTER SCOTT REYNOLDS, | ) | CASE NO.  4:05 CV0816 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN M.  O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) |  AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On March 28, 2005, pro se petitioner Walter Scott Reynolds filed the above-captioned petition for a writ habeas corpus pursuant to 28 U.S.C. § 2241 against the United States.  Mr. Reynolds requests an Order compelling the United States Parole Commission (USPC) to either hold a prompt revocation hearing or remove a detainer it lodged against him.

*Background*

Mr. Reynolds was sentenced in the United States District Court for the Western District

of Pennsylvania to 12 years in prison on February 16, 1990.  He claims he was "paroled sometime in 1993, after serving 4-years in prison."  (Pet. at 2.)  He was subsequently arrested in November 1993 and charged with a federal narcotics offense.  Shortly after his arrest, the Parole Commission issued a parole violator's warrant on November 12, 1993, which is currently lodged as a detainer.  He claims that since the date the detainer was lodged he has "ceaselessly been attempting to resolve the inherent miscarriage of justice an [sic] inaction by the commission would exemplify."[1]  (Pet. at 2.)

On the same date the arrest warrant was issued, Mr. Reynolds was indicted in the United States District Court for the Northern District of Ohio and charged with 7 counts in an 8 count indictment.  United States v. Cruz, et. al., No.  4:93cr0359.  (N.D. Ohio filed Nov. 10, 1993).  After entering a guilty plea, petitioner was sentenced on April 11, 1995 to 130 months in prison for Count 1 and 60 months for Count 4, to run consecutively for 190 months.  He is currently serving this term of imprisonment.

Without providing the dates on which he allegedly filed "BP forms 8, 9, 10 and 11," Mr. Reynolds states that he has exhausted his available administrative remedies.  He does provide the court with a copy of the September 15, 2005 "Response" from National Inmate Appeals Administrator Harrell Watts wherein Mr. Reynolds's appeal was denied.  Mr. Watts explained, in part, that "[t]he response to your Request for Administrative Remedy and Regional Administrative Remedy Appeal contained comprehensive responses to the issues you raised therein.  Furthermore, any concerns regarding the validity of the USPC warrant should be addressed directly to the USPC.  We concur with

---

[1]There is no allegation or attachment to the petition that indicates Mr. Reynolds took any action regarding the USPC detainer before the year 2004.

those responses and see no reason to respond further."  (Adm. Rem. No. 331805-A1, Part B - Response from Watts.)  There is no further explanation in the petition or any attachments regarding the basis upon which the BOP denied Mr. Reynolds's request.

Petitioner claims that he "incessantly tried without success" to address his issues directly to the USPC, which is why he has now filed a petition in this court.  His principle argument is that the Parole Commission has failed to comply with its own regulations and procedures.  Specifically, he claims that the Commission is required to promptly hold a revocation hearing pursuant to 28 C.F.R. § 2.47.  He acknowledges that he is not entitled to a preliminary hearing due to his "new offense conduct," but claims that under 18 U.S.C. § 4214(c) he is still entitled to have the parole violator warrant that the Commission placed as a detainer reviewed by the Commission within 180 days of notification to the commission.[2]  Moreover, once he started serving a new sentence, Mr. Reynolds claims that the regulations mandate that a revocation hearing be conducted within 120 days.  See 28 C.F.R. § 2.47(a)(1 and (b)(1).[3]  "There has been no dispositional review held within the 180-days mandated,

_____

[2]The applicable regulation states:

> (b) If the prisoner is serving a new federal sentence, the Regional Commissioner, following a dispositional record review, may:
>
>> (1) Pursuant to the general policy of the Commission, let the warrant stand as a detainer and order that the revocation hearing be scheduled to coincide with the initial hearing on the new federal sentence or upon release from the new sentence, whichever comes first;

28 C.F.R. § 2.47(b)(1).

[3]The relevant Code section sets forth:

(continued...)

that this petitioner is aware of, nor has a full revocation hearing been conducted within the required 120-days." (Pet. at 3.)

        Citing <u>Morrissey v. Brewer</u>, 408 U.S. 47 (1972), Mr. Reynolds maintains that he is entitled to the due process a revocation hearing provides. Even with the restrictions placed on prisoners as a result of <u>Moody v. Daggett</u>, 429 U.S. 78 (1976), he claims that "this holding is not immovable under certain circumstances such as when the interest of justice demands."[4] (Pet. at 4.) To that end, he advises the court to compare his case to <u>United States v. Chaklader</u>, 987 F.2d 77 (1st Cir. 1993), but does not cite any cases that directly or clearly support his averment that "justice demands" that this court grant his writ for habeas relief from this court.[5]

---

   [3](...continued)

> If the prisoner is serving a new sentence in a federal institution, a revocation hearing shall be scheduled within 120 days of notification of placement of the detainer, or as soon thereafter as practicable, provided the prisoner is eligible for and has applied for an initial hearing on the new sentence, or is serving a new sentence of one year or less. In any other case, the detainer shall be reviewed on the record pursuant to paragraph (a)(2) of this section.

28 C.F.R. § 2.47(a)(1)

  [4]In <u>Moody</u>, the Supreme Court determined that parolees had no constitutional right to compel an immediate revocation hearing by the USPC, <u>see</u> <u>Moody</u>, 429 U.S. at 87-88.

  [5]In <u>Chaklader</u> the First Circuit held that a new trial was warranted where a defendant convicted of a narcotics offense was unfairly surprised by evidence of an incriminating statement allegedly made by the defendant to a customs inspector, particularly where the government failed to disclose that statement during pretrial discovery and the trial court did not make a finding as to whether the government acted in bad faith or whether the defendant was prejudiced by admission of the statement before denying a motion to exclude.

4

*28 U.S.C. § 2243*

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243 (2004).  Upon review of the petition before this court, it does not appear that petitioner is entitled to an award of the writ.

*28 U.S.C. § 2241*

Habeas relief pursuant to constitutional due process protections recognized in Morrissey,  is only available where a petitioner establishes that the Commission's delay in holding a revocation hearing was both unreasonable and prejudicial. See Carlton v. Keohane, 691 F.2d 992, 993 (11th Cir.1982); Goodman v. Keohane, 663 F.2d 1044, 1046 (11th Cir.1981); Maslauskas v. United States Board of Parole, 639 F.2d 935, 938 (3d Cir.1980);  Lambert v. Warden, United States Penitentiary, 591 F.2d 4, 7 (5th  Cir.1979);  Northington v. U.S. Parole Comm'n, 587 F.2d 2, 4 (6th Cir.1978).  The "a showing of demonstrated prejudice [must be] severe enough to render the revocation hearing inadequate in terms of relief." Johnson v. Holley, 528 F.2d 116 (7th  Cir. 1975)). Some of the elements of grievous loss that may result from a delay include "possible prejudice in opportunity to defend against charge of violation or to demonstrate mitigating circumstances." United States ex rel. Hahn v. Revis, 520 F.2d 632, 637 (7th Cir. 1975).

Further, where a prisoner files an action under section 2241, both the statute and the Supreme Court mandate that a district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; see Braden v. 30th Judicial Circuit Ct. of Ky., 410

U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.")  Generally, any prisoner requesting relief from the execution of a federal sentence must file his  petition in the court having jurisdiction over the prisoner's custodian. United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991); Allen v. State of Oregon,  153 F.3d 1046, 1050 (9th  Cir.1998).  Thus, dismissal is only proper if the district court lacks territorial jurisdiction over the prisoner's custodian.  Wright v. United States Board of Parole, 557 F.2d 74, 77 (6th Cir.1977); see Burnette v. Killinger,  1988 WL 123741, at *1 (6th Cir. 1988).

Although Mr. Reynolds has not properly named his custodian, the warden at F.C.I. Elkton, as respondent, this court does have personal jurisdiction over his custodian.  Braden, 410 U.S. at 495. That fact notwithstanding, the court still lacks subject matter jurisdiction over this petition.

*Habeas Relief Unavailable*

.       Even if there were an allegation of prejudice or bad faith on the Commission's part articulated in Mr.  Reynolds's petition before this court, he has not stated a justiciable claim for relief pursuant to §2241.   His underlying argument is that the "interests of justice demand" the relief he requests because he has a statutory right to a revocation hearing merely because a detainer has been placed.  The claim is without merit.

The time for a parole revocation hearing is calculated from the date of the execution of a federal warrant. See United States v.  Wickham, 618 F.2d 1307, 1309 (9th Cir.  1980). A warrant is not considered "executed" where, as here, a parolee has been arrested on an independent intervening charge, and a detainer is placed at the institution with custody. Cook v. United States Attorney General,

488 F.2d 667, 671 (5th Cir.), <u>cert</u>. <u>denied</u>, 419 U.S. 846 (1974). <u>See</u> <u>Wickham</u>, 618 F.2d at 1309 n. 3.  Moreover, the warrant need not be executed until the intervening sentence has been served. <u>Vladovic v. Parker</u>, 455 F.2d 495, 496 (9th Cir.1972); <u>United States v. Bartholdi</u>, 453 F.2d 1225 (9th Cir.1972).  The facts asserted clearly indicate that the detainer warrant placed at F.C.I. Elkton has not been executed and Mr. Reynolds still has 5 years left to serve out his 15 year term of incarceration. Therefore, any clear duty or right to which Mr. Reynolds claims he is entitled has yet to materialize.

*Mandamus Relief*

There is no question that once the Commission executes a parole violator warrant  the Commission must abide by the requirements of 18 U.S.C. § 4214. <u>Thompson v. Crabtree</u>, 82 F.3d 312, 316 (9th Cir.  1996) ("cannot avoid [requirements] by withdrawing the warrant and lodging it as a detainer").  However, the appropriate remedy for a § 4214 default would be a writ of mandamus to compel the Commission's compliance with the statute. <u>See</u> <u>Carlton</u>, 691 at 993; <u>Harris v. Day</u>, 649 F.2d 755, 762 (10th Cir.1981); <u>Northington</u>, 587 F.2d at 3.  Mandamus is an extraordinary remedy granted in the court's sound discretion, <u>Miller v. French</u>, 530 U.S. 327, 339 (2000).  Thus, before a writ of mandamus will issue the court must find that the arguments in favor of issuance of the writ are clear and compelling on both legal and equitable grounds. <u>13th Regional Corp. v. United States Dept. of Interior</u>, 654 F.2d 758, 760 (D.C.Cir.1980); <u>Campbell v. Tennessee Valley Authority</u>, 613 F.Supp. 611, 614 (E.D. Tenn. 1985);  <u>see</u> <u>also</u> <u>Hill v. United States Bd. of Parole</u>, 257 F.Supp. 129 (M.D.Pa.1966)(district court could not issue writ of mandamus on petition of federal prisoner to compel United States Board of Parole and warden to enter an earlier release date for prisoner, where Board and warden owed no duty to prisoner in regard to recomputation of sentence).

7

The circumstances laid out in the present petition do not warrant mandamus review at this time.  Therefore, the petition is dismissed without prejudice with regard to any future mandamus action Mr. Reynolds may seek to pursue.

Based on the foregoing,  this matter is dismissed pursuant 28 U.S.C. 2243. The court certifies that an appeal from this decision could not be taken in good faith.[6]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M.  O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED:  July 12, 2005

---

[6]28 U.S.C. § 1915(a)(3) provides:

An appeal may bot be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

8